John R. KAY, Appellant Pro Se,

v.

Dora SCHRIRO, Director, Missouri Department of Corrections, Respondent.

No. WD 59634.

Missouri Court of Appeals, Western District.

Sept. 4, 2001.

John R. Kay, Jefferson City, Appellant Pro Se.

Jeremiah W. (Jay) Nixon, Attorney General, John Munson Morris and Cassandra Dolgin, Office of Attorney General, Jefferson City, for Respondent.

HOLLIGER, Judge.

John R. Kay appeals from the dismissal of his petition for declaratory judgment seeking jail time credit under § 558.031, RSMo 2000. Because we determine that his petition stated a claim upon which relief could be granted, we reverse.

To state a claim upon which relief can be granted, a petition for declaratory judgment must invoke principles of substantive law, which if proven would entitle the plaintiff to a declaration of rights or status. *Kennedy v. Mo. Attorney Gen.*, 922 S.W.2d 68, 70 (Mo.App.1996). In ascertaining the sufficiency of the petition, a court must first assume that all factual allegations of the petition are indeed true. *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303,

306 (Mo. banc 1993). The court must also accord the petition the benefits of any reasonable and favorable inference the well-pleaded facts will permit. *Vorbeck v. McNeal,* 560 S.W.2d 245, 249 (Mo.App. 1977). Provided the allegations of the petition invoke "substantive principles of law which may entitle [plaintiff] to relief," mere defects or irregularities in pleading will not entail dismissal of the petition. *AAA Excavating, Inc. v. Francis Constr., Inc.,* 678 S.W.2d 889, 894 (Mo.App.1984).

Kay's *pro se* petition is not a model of clarity. It attaches and incorporates a sentence and judgment imposed by the Jefferson County Circuit Court on April 3, 2000. It also attaches and incorporates a "Face Sheet" from the Department of Corrections. The Department of Corrections filed no answer before the trial court dismissed the petition *sua sponte.* Viewed by the standard set forth above, the petition and accompanying exhibits allege the following facts:

John Kay was sentenced on April 4, 1997, in St. Francois County to four years for possession of a controlled substance. On July 20, 1998, he was sentenced in Washington County to three years for possession of a controlled substance. As the offense date was after the beginning of his St. Francois County sentence, we surmise that Kay was on some type of release from the Department of Corrections when he committed the offense. The Face Sheet suggests that he was on probation. The petition and records do not indicate whether his Washington County sentence was to be concurrent or consecutive to the St. Francois County sentence.

The petition further alleges that on March 29, 1999, Kay committed another

drug offense in Jefferson County. The petition does not clearly state, but the Department of Corrections records attached imply, that Kay had been transferred to "EMP" on December 22, 1998. Neither the pleadings nor briefs further define that acronym but we assume that it refers to an electronic monitoring program. We do not know from the record the context, legal or otherwise, of Kay's release on "EMP." The possible significance of that lack of information will become apparent later. The petition and exhibits do allege that Kay was returned to the Department of Corrections on April 27, 1999. The Face Sheet lists an entry of "Escape" on March 31, 1999. There is no further explanation of this entry and we do not know whether it reflects some particular occurrence that day or what the event was. We can determine from the petition and exhibits that apparently Kay was in custody someplace from March 31 to April 27, 1999, because upon his return he was given jail time credit on his then existing prison sentence for those 27 days [1]. The petition does not reveal the date that charges were filed on the new Jefferson County drug charge (with a March 29, 1999, offense date) but does attach a sentence and judgment from the Jefferson County Circuit Court on April 3, 2000, committing Kay to the Department of Corrections for a three year term to be served concurrently with his previous sentence (presumably the 1998 Washington County sentence).

Kay's petition claims that his confinement in the Department of Corrections between April 29, 1999, (when he was returned from "EMP") and his April 3, 2000, sentencing date in Jefferson County should be credited towards the three-year

---

1. We cannot tell from the record whether his confinement resulted from the March 29 offense or whether he was arrested for some other reason such as a violation of "EMP" conditions or other reasons.

sentence imposed in Jefferson County. The petition claims he is entitled to this credit under § 558.031, RSMo, because his confinement between those dates was "related to" the Jefferson County charge within the meaning of the statute even though he was in the custody of the Department of Corrections under the Washington County charge. In other words, Kay claims he was entitled to pre-sentence jail time credit on the Jefferson County charge as though he had been held in that county's local jail awaiting trial.[2] Section 558.031.1, RSMo, provides:

> A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, **when the time in custody was related to that offense** . . . .

(emphasis added). Finally, Kay's petition alleges that the Department of Corrections has refused to give him the additional jail time credit he claims under § 558.031, RSMo, and seeks a declaration by the court that he is entitled to the additional credit.

In *Goings v. Missouri Department of Corrections,* 6 S.W.3d 906 (Mo. banc 1999), the Supreme Court interpreted § 558.031, RSMo, to require that a man who committed a new crime while on parole status and was returned to prison for the parole violation be given jail time credit for the time spent in custody following the parole revocation and sentencing on the new charge. *Id.* at 907–08. The State asserts that *Go-*

*ings* is not applicable because Kay was not on parole. As noted earlier, the record does not make the legal status of Kay's release from the Department of Corrections at the time of the new offense completely clear. Nor is the record entirely clear as to the reasons for Kay's return to the Department, although it is inferable that it was the result of his arrest on the new charge. Although the Department's Face Sheet shows a status of "escape" entered on March 31, 1999, there is no explanation in the record for this entry. For example, we do not know whether that entry results from a reporting failure on the electronic monitoring equipment, his arrest, or some other reason. We cannot read *Goings* to apply only to parole situations or at least cannot do so given the limited information on the record before us because of the procedural posture of its early dismissal. It also may ultimately be important to the analysis to determine the actual reason for Kay's return to custody and the nature and importance of the escape entry in his records.

Such issues are not yet before us. The limited question is whether Kay adequately alleged a claim upon which relief could be granted under § 558.031, RSMo. His pleadings and attachments, viewed liberally, as they must be, sufficiently state a claim. Further factual development of the record may reveal that Kay's return to custody on March 31, 1999, was not in fact related to his new charge or some other reason why § 558.031, RSMo, does not apply. He has, however, sufficiently pleaded a relationship between his re-incarceration and the new offense and his rights under the statute to survive a motion to dismiss for failure to state a claim. The trial court, therefore, erred in dismissing his petition.

---

**2.** The record does not reflect when the Jefferson County charge was filed and Kay may be claiming that he is entitled to jail credit even before the charge filing date.

The cause is reversed and remanded for further proceedings.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.