H. Paul WESTPHAL, Appellant,

v.

LAKE LOTAWANA ASSOCIATION, INC., Respondent.

No. WD 60791.

Missouri Court of Appeals, Western District.

Jan. 28, 2003.

---

Mark H. Epstein, Kansas City, for Appellant.

Patrick B. Starke, Blue Springs, for plaintiff.

Before BRECKENRIDGE, P.J., HOWARD and HOLLIGER, JJ.

PATRICIA BRECKENRIDGE, Judge.

Mr. Westphal appeals from the dismissal of his lawsuit against Lake Lotawana Association, Inc. The trial court dismissed Mr. Westphal's petition for failure to state a claim upon which relief can be granted because he did not plead a necessary element of his claims, specifically that actions of the Association constitute state action. Mr. Westphal raises two points on appeal. First, he argues that the trial court erred in dismissing his declaratory judgment claim in Count I because he pled all of the necessary elements and no state action by the Association was required for him to be successful on this claim. Second, he contends that the trial court erred in dismissing his constitutional and statutory claims in Counts II, III, IV, and V because his petition alleged sufficient facts to establish that the Association's action is state action. Because this court finds that Mr. Westphal has alleged facts that, if proven, would entitle him to a declaration of his rights in his property encumbered by a restrictive covenant, the judgment of the trial court dismissing Count I is reversed and remanded. This court also finds that Mr. Westphal's petition failed to allege sufficient facts in Counts II, III, IV, and V to establish that the Association's action is state action, so the trial court's judgment dismissing Mr. Westphal's constitutional and statutory claims in those counts is affirmed.

### Factual and Procedural Background

Since this is an appeal from a motion to dismiss for failure to state a claim upon which relief can be granted, this court takes as true the facts from Mr. Westphal's petition. *Johnson ex rel. Wilken v. Jones,* 67 S.W.3d 702, 704 n. 2 (Mo. App.2002). According to the petition, Mr. Westphal has owned unimproved property on Lake Lotawana since 1969. The Association is a Missouri not-for-profit corporation, which is organized as the representative body of the property owners at Lake Lotawana. All of the Lake Lotawana property, including Mr. Westphal's lot, is subject to a Declaration of Restrictions. This Declaration of Restrictions provides that Lake Lotawana and its common areas

are to be used only by owners of lots in the subdivision and their guests. An Extension of Restrictions further provides that lot owners and their guests have license:

> [T]o the reasonable use and privileges of the lake in said subdivision, namely: boating, bathing, fishing, ice skating, ice boating, the anchoring of boats and the use of the parkway along the shore line for swimming and fishing, all subject, however, to the supervision and direction of GRANTOR [1] and such rules and regulations as may be promulgated from time to time by the GRANTOR, and which licenses and privileges, or any of them, may at any time be wholly or partially abrogated, cancelled and withdrawn by the GRANTOR for the violation of any rule now in force or hereafter promulgated by the GRANTOR.

In 1997, Mr. Westphal purchased a personal watercraft. When he contacted the Association to register his personal watercraft for use on Lake Lotawana, he was told that because he purchased his personal watercraft in 1997, he did not need to register it immediately. He was also told that his personal watercraft would be "grandfathered" in and not subject to any new rules and regulations.

In 1998, Mr. Westphal filed a formal written registration for his personal watercraft with the Association. The Association denied his registration, however, based on a new rule. This rule, Section B1 of the Association's Rules and Regulations, provides that watercraft "shall not be registered to a lot unless there is a structure with restroom facilities; this structure must meet city codes. Watercraft property registered in 1997 and not complying shall continue to be eligible to the owner of record as registered in 1997."

Because Mr. Westphal did not have a restroom on his property and had not registered his personal watercraft in 1997, the Association precluded him from registering and operating his personal watercraft on the lake.

To put a restroom on his property, the Association required Mr. Westphal to install sanitary sewers. Mr. Westphal cannot obtain sanitary sewers, however, because the Association has failed and refused to extend sanitary sewers to his property and instituted a moratorium against anyone hooking into the existing sanitary sewer system.

The petition was filed on August 21, 2001, and included five counts. In Count I, Mr. Westphal sought a declaratory judgment; in Count II, he alleged a violation of substantive and procedural due process under the United States and Missouri Constitutions; Count III asserted a violation of equal protection under the Missouri Constitution; Count IV was premised on a violation of 42 U.S.C. § 1983; and, in Count V, he alleged inverse condemnation. Mr. Westphal sought damages in Counts II through V.

In response to Mr. Westphal's petition, the Association filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted the Association's motion. Specifically, the trial court ruled that Counts I through IV of Mr. Westphal's petition required some kind of state action. In doing so, it noted that conduct of a private party may constitute state action if the government is " 'so entwined' that it becomes a 'joint participant.' " In this case, however, the trial court concluded that "it is difficult to accept the notion that a not-for-profit,

---

1.  The excerpt from the Declaration of Restrictions in Mr. Westphal's petition does not include a definition of "grantor," but because the parties both treat the term "grantor" as applicable to the Association, this court assumes the definition includes the Association.

private corporation such as a lake property owners' association acts as an agent of the state." The court further held that the mere fact that the Association was subject to state regulation was insufficient to transform its conduct into state action. Concerning Count V, the trial court found that to prevail on a claim of inverse condemnation, Mr. Westphal had to allege facts to support a finding that the government appropriated his property for public use. The court ruled that Mr. Westphal had not alleged sufficient facts to support this finding because the ·Association is a private entity, and the Association was regulating the lake for the benefit of only its own members, and not the public. This appeal followed.

## Standard of Review

■ A motion to dismiss for failure to state a claim is an attack on the plaintiff's pleadings. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 463 (Mo. banc 2001). When reviewing the grant of a motion to dismiss for failure to state a claim, this court considers that:

> A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Id.* at 464 (quoting *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted)).

## Judgment is Final and Appealable

■ Mr. Westphal raises two points on appeal. Before reaching those points, however, this court must determine, *sua sponte*, whether it has jurisdiction to hear Mr. Westphal's appeal. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). The trial court dismissed Mr. Westphal's petition without stating whether the dismissal was with or without prejudice. Thus, the dismissal is without prejudice. *See* Rule 67.03 (stating "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."). "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy*, 955 S.W.2d at 3. Nevertheless, "[w]hen the effect of the order is to dismiss the plaintiff's action and not the pleading merely, the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). "[T]he judgment of dismissal—albeit without prejudice—amounts to an adjudication on the merits and may be appealed." *Id.*

Here, the trial court, in effect, ruled that Mr. Westphal's counts require state action, and that, here, there is no state action because the Association is not a state agent. The trial court is not saying that Mr. Westphal has failed to plead the required elements of his claim. Instead, the trial court is effectively saying that Mr. Westphal can have no claim because the Association is not a state actor. Therefore, this dismissal is a judgment on the merits, " 'such that a refiling of the petition ... would be a futile act' " and, consequently, the judgment is appealable. *State ex rel. Dos Hombres–Independence, Inc. v. Nixon*, 48 S.W.3d 76, 79 (Mo.App.2001) (quoting *Helms v. Am. States Ins. Co.*, 886 S.W.2d 220, 221 (Mo.App.1994)).

### Petition Alleged Necessary Elements for Declaratory Judgment

■ Turning to his first point on appeal, Mr. Westphal alleges that the trial court erred in dismissing his claim for declaratory judgment. Mr. Westphal argues that he pled all the necessary elements for declaratory judgment and the trial court wrongly concluded that state action was required for him to be successful on this claim.

■ "To state a claim upon which relief can be granted, a petition for declaratory judgment must invoke principles of substantive law, which if proven would entitle the plaintiff to a declaration of rights or status." *Kay v. Schriro,* 54 S.W.3d 700, 700 (Mo.App.2001). The petition must contain facts to support its allegations, however, and not merely conclusions. *Wheeler v. Sweezer,* 65 S.W.3d 565, 568 (Mo.App.2002). Thus, to state a claim for declaratory relief, Mr. Westphal was required to allege facts that, if proven, would entitle him to a "declaration of rights or status" regarding some principle of substantive law.

■ The initial problem with Mr. Westphal's petition is that it is unclear what principle of substantive law he is invoking. In his petition, he pled that Section B1, the Association's rule regarding the registration of personal watercraft, is unconstitutional, illegal, and invalid. Thus, it appears that Mr. Westphal is invoking principles of constitutional law and wants a declaration as to the constitutionality of Section B1. To properly raise a constitutional issue, however, a pleading must, among other requirements, "designate specifically the constitutional provision claimed to have been violated." *Laubinger v. Laubinger,* 5 S.W.3d 166, 173 (Mo.App.1999). Because Mr. Westphal did not plead which constitutional provision the Association's rule violated, he did not properly raise a constitutional issue.

Mr. Westphal also pleads in Count I, however, that he wants a declaration of his rights under Section B1 of the Association's Rules. The Eastern District has held that a petition seeking a declaration of rights in real property encumbered by a restrictive covenant stated a cause of action. *Hall v. Am. Oil Co.,* 504 S.W.2d 313, 316 (Mo.App.1973). In *Hall,* the court found sufficient a petition for declaratory judgment which alleged that (1) the plaintiffs were the owners of property allegedly encumbered by a restrictive covenant; (2) "[a] dispute as to the purpose and effect of the restriction and whether plaintiffs hold their property subject to the restriction" presently existed; and (3) the plaintiffs were seeking a declaration of the parties' title and interest. *Id.*

■ To state of cause of action for declaratory judgment, a petition must allege (1) "a legally-protected interest"; (2) "a justiciable controversy which presents a real, substantial, presently-existing dispute as to which specific relief is sought"; (3) that the question presented is "ripe for judicial determination"; and (4) that the pleader has "no adequate remedy at law." *Wheeler,* 65 S.W.3d at 568. Thus, for Mr. Westphal to state a cause of action for a declaration of his rights under Section B1 of the Association's Rules, he must plead facts that, if true, would show that he has a legally-protected interest in real property which is encumbered by a restrictive covenant, a dispute presently exists regarding his rights under the restrictive covenant, and there is no adequate remedy at law to ascertain those rights.

■ In his petition, Mr. Westphal pled that his property, and all property within the Lake Lotawana subdivision, is subject to the Declaration of Restrictions and its Extensions. He alleged that Section B1

was adopted under the Extensions to the Association's original Declaration of Restrictions, and that the Restrictions run with the land and are in effect through January 2008. He further claimed that Section B1 restricts his right to use his property because it prohibits him from using his personal watercraft unless he builds a structure with a restroom facility on his property. Thus, Mr. Westphal has pled facts, which if true, establish that Section B1 is a restrictive covenant. *See Lake Wauwanoka, Inc. v. Spain,* 622 S.W.2d 309, 312 (Mo.App.1981) (stating that "[a] restrictive covenant as its name implies operates only as a restriction. It is a promise or an imposed duty to refrain from acting in a defined manner[.]") As the owner of property encumbered by a restrictive covenant, Mr. Westphal has sufficiently pled that he has a legally-protected interest sufficient to entitle him to a declaration of his rights.

■ The allegations in Mr. Westphal's petition also satisfy the requirement for a justiciable controversy. "Justiciability contemplates a real, substantial, presently existing controversy which is admitting of specific relief." *Willis v. Most Worshipful Prince Hall Grand Lodge of Mo. & Jurisdiction,* 866 S.W.2d 875, 878 (Mo.App.1993). Mr. Westphal claims that a present dispute exists because the Association takes the position that the restrictive covenant precludes registration and, consequently, operation of his personal watercraft on the lake. In other words, the petition alleges that the Association and Mr. Westphal have a real and substantial disagreement over the proper interpretation and application of the restrictive covenant.

■ The petition also sufficiently alleges that the issues are ripe for judicial determination. A controversy is ripe for review when "sufficient immediacy" is es-tablished. *Local 781 Intern. Ass'n of Fire Fighters v. City of Independence,* 947 S.W.2d 456, 460 (Mo.App.1997). " 'Ripeness does not exist when the question rests solely on a probability that an event will occur.' " *Id.* (quoting *State ex rel. Kan. Power & Light v. PSC,* 770 S.W.2d 740, 742 (Mo.App.1989)). By alleging that the Association has relied on the restrictive covenant to deny him a permit to operate his personal watercraft on Lake Lotawana, Mr. Westphal asserts that the controversy is ripe for judicial determination.

■ Finally, Mr. Westphal has adequately pled that he has no adequate remedy at law. An award of damages would not finally and fully settle the dispute between Mr. Westphal and the Association. It would not resolve what Mr. Westphal's property rights are under Section B1, and it would not eliminate potential future litigation over his property rights under the restrictive covenant. In contrast, a judicial declaration of Mr. Westphal's rights under Section B1 "would provide certain and secure relief." *Washington Univ. v. Royal Crown Bottling Co. of St. Louis,* 801 S.W.2d 458, 463 (Mo.App.1990).

■ Contrary to the trial court's findings, state action is not required for this declaratory judgment claim, so Mr. Westphal did not have to plead that the Association's action is a state action. *See Hall,* 504 S.W.2d at 315 (both parties to the action were private parties). Because Mr. Westphal has alleged facts that, if proven, would entitle him to a declaration of his rights in his property encumbered by Section B1 of the Association's rules, the trial court erred in dismissing Count I of his petition. Thus, Mr. Westphal's first point is granted and the judgment of the trial court dismissing his declaratory judgment claim is reversed and remanded.

### Petition Did Not Allege Necessary Facts for Statutory and Constitutional Claims

In his second point, Mr. Westphal argues that the trial court erred in dismissing the remaining counts of his petition. He concedes in this point that all of these claims require state action. He argues, however, that his petition alleged sufficient facts to establish that the Association's conduct is state action because the Association is a quasi-governmental entity or is closely entwined with a governmental agency.

Here, to survive a motion to dismiss on his constitutional and statutory claims, Mr. Westphal must have pled facts supporting the conclusion that the Association's action is state action because Missouri is a fact-pleading state. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993). A pleading must contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.05. "Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts[,] a motion to dismiss is properly granted." *Berkowski v. St. Louis County Bd. of Election Comm'rs*, 854 S.W.2d 819, 823 (Mo.App. 1993).

Mr. Westphal failed to plead facts supporting the conclusion that the Association's action is a state action. In his petition, Mr. Westphal alleged that the Association is a not-for-profit corporation. He further pled that the Association "at all times relevant hereto acted under color of the statutes, laws, customs, ordinances, and usage of the State of Missouri." This allegation, however, is not a fact. Instead, it is a conclusion that the Association acted under the color of state law. Nowhere in his petition does Mr. Westphal allege any facts that demonstrate how or why the Association acted under color of state law.

In his appellate brief, Mr. Westphal argues additional facts, which were not in his pleading, that he claims establish that the Association's action is state action. First, he contends that the Association's ability to avail itself of the court system to enforce its private restrictions and regulations is state action. In support of this position, Mr. Westphal cites *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). In contrast to Mr. Westphal's claim, the Supreme Court in *Shelley* did not hold that the ability of a private entity to avail itself of the court system to enforce any private restriction is state action. Rather, the Court held that the enforcement of racially restrictive covenants by state courts was a state action and, by granting judicial enforcement of the racially restrictive covenants, the state violated the Fourteenth Amendment. *Shelley*, 334 U.S. at 18–20, 68 S.Ct. at 844–45. *See Fed. Nat'l Mortgage Ass'n v. Howlett*, 521 S.W.2d 428, 437 (Mo. banc 1975) (holding that *Shelley* does not "support the conclusion that mere availability of the courts means that the actions of the individuals with respect to the contract in question involve state action.") Here, there was no judicial enforcement of a racially restrictive covenant or of any covenant enacted by the Association.

Second, Mr. Westphal claims that the actions of the Association are state action because the Association is a quasi-governmental entity. He maintains that the Association "operates as a 'mini-government'" because it raises money through dues, has an elected governing body, enacts rules and regulations, and enforces such rules through the court system. In support of this argument, Mr. Westphal relies on *Chesus v. Watts*, 967 S.W.2d 97

(Mo.App.1998), and *Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.*, 737 S.W.2d 206 (Mo.App.1987). In these two cases, the court held that a homeowner's association had the right to sue a developer to enforce contracts between the developer and the association's members. *Chesus*, 967 S.W.2d at 106 (holding the homeowner's association had standing to sue under the theory of promissory estoppel); *Terre Du Lac*, 737 S.W.2d at 213 (holding the homeowner's association had standing to sue as a donee beneficiary of the contract between the developer and its members). While both cases discuss how a homeowner's association operates as a "quasi-governmental entity," neither is authority for the concept that an association's "quasi-governmental" actions are state actions. *See Chesus*, 967 S.W.2d at 108; *Terre Du Lac*, 737 S.W.2d at 215. Mr. Westphal fails to cite any authority to support his argument that the action of a quasi-governmental entity is state action.

Finally, Mr. Westphal asserts that there is a sufficiently close nexus between the state and the challenged action to treat the Association's conduct as state action. In support of this argument, he cites the fact that the Association's regulation requiring restrooms is tied to the City of Lake Lotawana's sewer system, so if the City does not extend the sewer system, he cannot get an Association permit. He also argues that the Association uses the state to enforce its registration requirements because it is the state water patrol, the Jackson County Sheriff's Department, or the City of Lake Lotawana Police Department who tickets violators. Additionally, Mr. Westphal asserts that because a person cannot live in the City of Lake Lotawana without being a member of the Association, there is "very little, if any, difference between the City and the Association."

Mr. Westphal did not include any of these facts in his petition. Moreover, he does not cite any authority for his argument that these actions create a sufficiently close nexus to treat the Association's action as state action. The test is "'whether there is a sufficiently close nexus between the [s]tate and the *challenged action*.'" *Shapiro v. Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 318 (Mo. banc 1978) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974)) (emphasis added).

The challenged action in this case is the Association's application of Section B1 to deny Mr. Westphal a permit to operate his personal watercraft on Lake Lotawana. There is nothing in the petition to indicate that the Association's denial of Mr. Westphal's permit was in any way connected to the City's control of the sewer system, as Mr. Westphal pled that it was the *Association's* decision to refuse to extend sanitary sewers to Mr. Westphal's property and to institute a moratorium against anyone hooking into the existing sanitary sewer system. Likewise, there is nothing in the petition to indicate that the denial was in any way connected to the Association's use of state and local law enforcement to enforce its registration requirements, nor is there anything in the petition indicating that the denial was connected to the fact that Association members are citizens of the City of Lake Lotawana. Mr. Westphal failed to plead facts to support the conclusion that there was a sufficiently close nexus between the state and the denial of his personal watercraft permit to treat that action as state action. *See Richardson v. St. John's Mercy Hosp.*, 674 S.W.2d 200, 202 (Mo.App.1984). Because Mr. Westphal's petition did not contain sufficient facts to support the conclusion that the Association's action was state action, the trial court did not err in dismissing

Counts II through V. Mr. Westphal's second point is denied.

The judgment of the trial court dismissing the claim for a declaration of Mr. Westphal's rights in his property encumbered by a restrictive covenant in Count I is reversed and remanded. The remainder of the judgment dismissing any constitutional claim in Count I and the entirety of Counts II, III, IV, and V is affirmed.

All concur.