Sherry E. WILLIAMS, Appellant,

v.

BARNES & NOBLE, INC., Respondent.

No. WD 64555.

Missouri Court of Appeals,
Western District.

Aug. 9, 2005.

Mary Ellen Bigge, Independence, MO, for Appellant.

Chad Cameron Lucas, Kansas City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., RONALD R. HOLLIGER, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Sherry Williams, the plaintiff in the trial court, appeals the trial court's grant of summary judgment in favor of Barnes & Noble, Inc., the defendant. We vacate the judgment and remand the case to the trial

court with instructions to dismiss for failure to state a cause of action.

On December 23, 2000, Sherry Williams was attempting to enter the Barnes & Noble store on the Country Club Plaza in Kansas City when she was pushed down by a person leaving the store. She sustained injuries to her head. In February 2003, she brought an action against Barnes & Noble for her injuries. In her petition, which she styled a premises liability claim, she alleged the following items pertinent to this appeal:

- Her fall to the ground was "caused by an employee of [Barnes & Noble] attempting to stop an alleged shoplifter from exiting the store which caused the alleged shoplifter to push into [Mrs. Williams] causing her to fall and injure herself."
- Mrs. Williams' injuries were a direct and proximate result of the negligence and carelessness of defendant [Barnes & Noble] in the following respects: (1) defendant knew of the "dangerous condition" being caused by its employee in chasing an alleged shoplifter from the store through a crowd of people and failed to take steps to prevent the condition of the premises; (2) defendant failed to warn of the dangerous condition; and (3) defendant failed to take proper steps in preventing its agent, servant, and employee from endangering customers of the store by chasing an alleged shoplifter.

Defendant filed a motion for summary judgment in May 2004, contending that Barnes & Noble was entitled to summary judgment because a fleeing shoplifter is not a "condition of property" upon which a premises liability claim can be based. Defendant also contended that the petition failed to plead facts establishing any duty to protect plaintiff from third party actions.

■ We approach this matter as presenting the issue of whether plaintiff pleaded a cause of action. Although the motion granted by the court was denominated a motion for summary judgment, the motion was in essence a motion to dismiss for failure to state a claim on which relief could be granted. The motion assumed (for purposes of the motion) the truth of the pleaded facts and then argued that the pleading was insufficient as a matter of law. The facts developed in the motion only confirmed what was already evident from the face of the petition—(1) that the petition purported to be a petition for premises liability related to a condition of property and not a claim for active negligence; and (2) there was no *physical defect* in the property that contributed to the injury.

■ Even though the parties and the court dealt with the matter as a motion for summary judgment, the issue of whether a claim has been stated upon which relief can be granted is inherent in every appeal and may be raised, *sua sponte*, by this court. *Preferred Physicians Mut. Mgmt. Group, Inc. v. Preferred Physicians Mut. Risk Retention Group*, 916 S.W.2d 821, 823 (Mo.App.1995). The failure to state a claim on which relief can be granted essentially deprives the trial court of subject matter jurisdiction to adjudicate the merits of a purported claim. *See Parshall v. Buetzer*, 121 S.W.3d 548, 551–52 (Mo.App. 2003); *see also Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 21 (Mo. banc 1983).

■ A petition is to "contain a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.05. The failure to plead facts showing entitlement to the relief sought deprives the trial court of jurisdiction to grant it. *Commercial Bank*, 658 S.W.2d at 21. Al-

though the petition need not plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement. *Westphal v. Lake Lotawana Ass'n, Inc.,* 95 S.W.3d 144, 152 (Mo.App. 2003). The plaintiff cannot merely assert conclusions. *Id.* Courts disregard conclusions not supported by facts in determining whether a petition states a cause of action. *Lick Creek Sewer Sys. v. Bank of Bourbon,* 747 S.W.2d 317, 322 (Mo.App. 1988).

In determining whether a petition states a claim on which relief can be granted, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable inferences fairly deducible from the facts stated." *Commercial Bank,* 658 S.W.2d at 21–22. We "construe the allegations favorably to plaintiff to determine whether they invoke principles of substantive law and inform defendant of what plaintiff will attempt to establish at trial." *Defino v. Civic Center Corp.,* 718 S.W.2d 505, 509 (Mo.App.1986). A plaintiff's petition states a cause of action where "its averments invoke principles of substantive law which may entitle the plaintiff to relief." *Asaro v. Cardinal Glennon Mem'l Hosp.,* 799 S.W.2d 595, 597 (Mo. banc 1990).

In assessing the sufficiency of a petition:

> [n]o attempt is made to weigh the factual allegations contained in the petition to determine whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case

*Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993).

Thus, we look for allegations of fact showing the existence of a dangerous condition of property that Barnes & Noble knew or should have known existed.

In her response to the motion for summary judgment, plaintiff claimed that the "conduct of the employee in chasing the shoplifter" created the dangerous condition. She provides no authority for the notion that the employee's negligent actions in pursuing the shoplifter may be categorized as a "dangerous condition" for purposes of a premises liability claim. Generally, the dangerous condition is some sort of *artificial condition* on the property itself, not a negligent or dangerous act of one of the inhabitants of such property. *See Cook v. Smith,* 33 S.W.3d 548, 552–53 (Mo.App.2000) (plaintiff injured while riding all-terrain vehicle during party; court held that ATV was not a "condition of land" for purposes of premises liability, noting that "[c]onditions on land" generally are in the nature of hidden dangers, traps, and the like). Plaintiff provides no authority to the contrary. We find plaintiff's argument unpersuasive.

If a plaintiff states any cause of action, a trial court generally should not dismiss the petition merely because the factual allegations seem more consistent with something other than plaintiff's stated legal theory. *Goe v. City of Mexico,* 64 S.W.3d 836, 840 (Mo.App.2001). Here, the petition could, perhaps, by a liberal reading, be regarded as an attempt to plead a regular active negligence case rather than a claim in premises liability. The petition could be understood as asserting inartfully that Barnes & Noble was negligent in chasing a suspected shoplifter when it knew or should have known that any effort to do so under the existing circumstances (a crowded store and a high volume of patrons using the doorway) would subject

innocent store patrons to an unreasonable risk of injury. Or it could be regarded as an attempt to plead that Barnes & Noble should have seen, as it pursued the suspected shoplifter, that an unreasonable risk of injury was being created by the suspected shoplifter; that Barnes & Noble had the duty and the opportunity to warn patrons; and that it failed to do so, thereby causing the injury.

▆ Plaintiff, however, insists her cause of action is only for premises liability for a dangerous condition. Presumably, she wishes to have the benefit of the higher legal duty of care owed to a business "invitee" which is applicable in a premises liability action. *See Carter v. Kinney,* 896 S.W.2d 926, 928 (Mo. banc 1995). In an ordinary negligence action, the applicable duty is the somewhat lower duty to exercise ordinary care. *Harter v. Ozark–Kenworth, Inc.,* 904 S.W.2d 317, 321 (Mo.App. 1995). Therefore, plaintiff purposely limited herself to a premises liability claim in the trial court. Also, on appeal, she maintains her claim is strictly one of premises liability rather than a claim of active negligence.

▆ Plaintiff's fall-back argument is that even if we do not believe her petition states a cause of action for a "dangerous condition" of property, she nevertheless states a cause of action for premises liability for failure to protect a customer from third party criminal activity. Thus, she points out, even if there was not a "dangerous condition," she still is asserting a premises liability claim, just one of a different type.

▆ Barnes & Noble relies on the general rule with regard to third party criminal liability—that there is no general duty to protect customers from the criminal acts of unknown third persons. *See L.A.C. v. Ward Parkway Shopping Ctr.*

*Co.,* 75 S.W.3d 247, 257 (Mo. banc 2002). Plaintiff should, therefore, according to Barnes & Noble, have pleaded one of the established exceptions to the general rule of non-liability:

> Under the first exception, the duty may arise when a person, *known to be violent,* is present on the premises or an individual is present *who has conducted himself so as to indicate danger* and sufficient time exists to prevent injury. The other suggestion recognizes a duty on the part of business owners to protect their invitees from the criminal acts of unknown third persons under certain special circumstances. A duty of care arises out of *circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury.*

*Id.* (emphasis added) (internal quotation marks and citations omitted).

▆ When a defendant's actions are within a category not generally considered actionable, the specific facts on which liability is based must be pleaded with particularity. *Adolphsen v. Hallmark Cards, Inc.,* 907 S.W.2d 333, 338 (Mo.App.1995). Similarly, when a petition asserts a legal position contrary to a general rule of law, the petition must plead the facts that invoke an exception to the general rule. *See* 71 C.J.S. *Pleading* § 79 (1951).

Barnes & Noble argues that plaintiff did not plead any exception to the general rule of non-liability. Barnes & Noble is correct that plaintiff was required to plead facts establishing the *duty to protect a customer* from third party criminal acts. Plaintiff did not in fact plead any facts bringing plaintiff's injury within the scope of any exception. There is no allegation in the petition that Barnes & Noble knew that the alleged shoplifter was violent. Nor is there an allegation that the alleged shoplifter conducted himself in such a way as to

indicate danger and that Barnes & Noble had sufficient time in which to act to prevent injury. Nor is there an allegation that there were special circumstances creating a foreseeable likelihood that particular acts or omissions would cause injury (such as, perhaps, awareness of prior incidents of shoplifters causing injury). Plaintiff, therefore, failed to state a cause of action against Barnes & Noble, as an occupier of land, for third party criminal conduct occurring on the premises.

Plaintiff did not ask for time to engage in additional discovery before responding to the motion for summary judgment. Nor did she seek leave to amend. Plaintiff is content to stand on her petition as drafted.

■ A pleading that does not state a cause of action does not invoke the jurisdiction of the court. *State ex rel. State Highway Comm'n v. Elliott*, 326 S.W.2d 745, 750 (Mo. banc 1959); *Commercial Bank*, 658 S.W.2d at 21. Here, plaintiff's petition was a legal nullity because it lacked the requisites for a cause of action for landowner or occupier liability based on a dangerous condition on the property. It also failed to plead facts that would have created a duty to protect against third party criminal activity.

■ The trial court was without jurisdiction to enter summary judgment or to take any action other than to dismiss the action for failure to state a claim. *Elliott*, 326 S.W.2d at 750. The petition did not state a cause of action for premises liability for a defective condition of property or for liability for the criminal act of a third party. The judgment is vacated for lack of jurisdiction and the case is remanded to the trial court to allow the trial court to

1. Pursuant to Rule 67.03, any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall specify

dismiss the petition without prejudice [1] for failure to state a cause of action.

HOLLIGER and HARDWICK, JJ., concur.

otherwise. Because this will be a dismissal for lack of jurisdiction, it is logical that the dismissal be without prejudice.