**Lonnie D. SNELLING, Appellant,**

v.

**SPRINGBOK ENTERPRISE–d/b/a,
Global Edge Asset Management,
LLC, et al., Respondents.**

**No. ED 91999.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 2009.

Lonnie D. Snelling, St. Louis, pro se.

Erika N. Reynolds, Pamela Jean Meanes, St. Louis, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Lonnie D. Snelling ("Snelling") appeals the trial court's judgment in favor of Springbok Enterprise ("Springbok") dismissing Snelling's Petition for lack of standing to sue. We reverse and remand.

## I. BACKGROUND

Snelling's Petition alleges that he is a leaseholder for property at 5039 Kensington Avenue ("the property"). Springbok owns the adjacent property. Snelling alleges that people working on the roof of Springbok's property entered his property, vandalized it, and removed wiring, sockets, and other debris. Snelling sued Springbok for trespass, conversion, nuisance, negligent hiring, and conspiracy. Springbok filed a motion to dismiss attacking Snelling's interest in the property, arguing to the trial court that Snelling must prove his interest in the real estate in the pleadings. Without an evidentiary hearing, the trial court dismissed the cause for lack of standing. Snelling appeals.

## II. DISCUSSION

In his sole point on appeal, Snelling argues that the trial court erred in dismissing the case because he sufficiently pled that he had standing to bring the cause of action. We agree.

Snelling's pleadings allege that he holds a lease to the property. Springbok's assertion that Snelling must prove the allegations of his pleading prior to a hearing is incorrect. *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 559–560 (Mo.App. W.D.2005). A petition need not plead evidentiary facts showing entitlement to the relief sought. *Id.* at 560. Rather, it merely needs to plead ultimate facts demonstrating such an entitlement. *Id.* Based upon the ultimate facts pled, Snelling has an interest in the property. Therefore, the trial court erred in dismissing the suit for lack of standing. Point granted.

## III. CONCLUSION

The judgment is reversed and remanded.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., Concur.