

# In the Missouri Court of Appeals

# Eastern District

### DIVISION III

| | | |
|---|---|---|
| NANCY GARDNER, et al., | ) | No. ED101931 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Mark D. Seigel |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Respondents. | ) | FILED:  May 5, 2015 |

Introduction

Appellants, a group of homeowners, appeal from the judgment of the trial court dismissing their claims against various mortgage brokers and lenders for declaratory judgment, fraud, conspiracy to defraud, and violations of the Missouri Merchandising Practice Act ("MMPA").  Appellants challenge the dismissal of their claims on the ground that their Second Amended Petition set forth a short and plain statement of the facts showing their entitlement to relief.  As to their claims for fraud and conspiracy to defraud, Appellants additionally assert that Respondents waived any objection to the particularity of their pleadings by failing to file a motion for more definite statement.  Because of the pleading deficiencies of Appellants' Second

Amended Petition and the deficiencies in the briefing on Point Four on appeal, we affirm the trial court's judgment dismissing Appellants' claims.

Factual and Procedural Background

On April 26, 2013, sixteen homeowners ("Appellants") sued several mortgage brokers and lenders for declaratory judgment, fraud, conspiracy to defraud, and violations of the MMPA.[1]  Appellants' Petition generally alleged that defendant Brian Gillick ("Gillick"), an employee of defendant D & D Financial, induced Appellants to refinance their home mortgages with the false promise that refinancing would save Appellants a significant amount of money. The Petition further alleged that Gillick altered various loan closing documents to increase rates and add fees without Appellants' knowledge, and then forged Appellants' signatures on such documents.  Finally, the Petition alleged that Gillick conspired with the various defendant lenders to prevent Appellants from learning of the forgeries and thereby prevent Appellants from halting the refinancing transactions.

On May 28, 2013, Appellants filed their First Amended Petition which reasserted the same claims for declaratory judgment, fraud, conspiracy to defraud, and violations of the MMPA.  Defendants Bank of America and U.S. Bank each moved to dismiss the First Amended Petition pursuant to Rule 55.27(a)(6) for failure to state a claim upon which relief can be granted. The trial court treated the defendants' motions to dismiss as motions for more a definite statement.  The trial court then granted the defendants' motions and granted Appellants leave to amend and replead their claims against Bank of America and U.S. Bank.

---

[1] The Plaintiffs named in the original Petition are: Nancy and Kevin Gardner, Jennifer and Brian Gardner, Sara and Steven Geatley, Christopher Pohrer, Eric Pohrer, Cynthia and Jeffrey Pohrer, Richard Pohrer Revocable Living Trust, Robyn Pohrer, Jean and Edward Williams, and Helen and Robert Gardner.  The defendants named in this Petition are: Bank of America, N.A., D&D Financial, Dough Stahlschmidt, David Matuszewski, Brian Gillick, Provident Funding Associates, L.P., U.S. Bank, N.A., Chase Bank, N.A., and Homecoming Financial, LLC.

Appellants filed a Second Amended Petition on April 17, 2014. The Second Amended Petition set forth the same four claims for declaratory judgment, fraud, conspiracy to defraud, and violations of the MMPA. Bank of America and U.S. Bank each filed a motion to dismiss the Second Amended Petition asserting that Appellants failed to incorporate new factual allegations sufficient to state a claim and that the Second Amended Petition still suffered from multiple pleading deficiencies. Following a hearing on the matter, the trial court granted the motions to dismiss finding that Appellants' Second Amended Petition failed to adequately plead causes of action against Bank of America and U.S. Bank.

On July 8, 2014, Defendant Doug Stahlschmidt ("Stahlschmidt") filed a motion for judgment on the pleadings, or, in the alternative, a motion to dismiss. The trial court found that the claims against Stahlschmidt were identical to the claims against Bank of America and U.S. Bank that it previously had dismissed for failure to state a claim. Accordingly, the trial court granted Stahlschmidt's motion to dismiss. In the same order, the trial court dismissed all claims against the remaining defendants for lack of service. Appellants now appeal the trial court's judgment dismissing their claims against Bank of America, U.S. Bank, and Stahlschmidt (collectively, "Respondents").

Points on Appeal

Appellants present four points on appeal. In their first two points, Appellants contend that they sufficiently pleaded their claims in the Second Amended Petition showing their entitlement to declaratory relief and the Respondents' violations of the MMPA. Appellants challenge the trial court's dismissal of these causes of action. Appellants next assert that the trial court erred in dismissing their claims for fraud and conspiracy to commit fraud on the ground that the claims were not pleaded with the requisite particularity under Rule 55.15 because

3

Respondents waived any objection to this pleading requirement when they did not file a motion for more definite statement. Finally, Appellants also challenge the trial court's dismissal of their claims for fraud and conspiracy to commit fraud because the Second Amended Petition set forth sufficient facts to state a claim for these causes of action.

## Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. Thomas v. A.G. Elec., Inc., 304 S.W.3d 179, 182 (Mo. App. E.D. 2009). Because the trial court failed to state a basis for its dismissal of these actions, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss and will affirm the dismissal if it is supported by any ground. Summer Chase Second Addition Subdivision Homeowners Ass'n v. Taylor-Morley, Inc., 146 S.W.3d 411, 415 (Mo. App. E.D. 2004). A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. Nazeri v. Mo. Valley College, 860 S.W.2d 303, 306 (Mo. banc 1993). Accordingly, we review the petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. Id. In so doing, we assume that all of the plaintiff's averments are true, and liberally grant the plaintiff all reasonable inferences. Id.

## Discussion

Missouri is a fact pleading state. Jones v. St. Charles County, 181 S.W.3d 197, 202 (Mo. App. E.D. 2005). The purpose of fact pleading is to enable a person of common understanding to know what is intended. Whipple v. Allen, 324 S.W.3d 447, 449 (Mo. App. E.D. 2010) (internal quotation omitted). As such, a petition must contain a short and plain statement of the facts showing that the pleader is entitled to relief. Rule 55.05. "Although the petition need not

4

plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement." Williams v. Barnes & Noble, Inc., 174 S.W.3d 556, 559-60 (Mo. App. W.D. 2005). The petition may not merely assert conclusions, and in determining whether a petition states a cause of action, we are to disregard conclusions not supported by facts. Id. at 560. "Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." Westphal v. Lake Lotawana Ass'n, Inc., 95 S.W.3d 144, 152 (Mo. App. W.D. 2003) (internal quotation omitted).

## I. Appellants do not state a claim for declaratory relief.

Appellants' first point on appeal relates to their claims for declaratory relief against U.S. Bank and Bank of America.[2] Under Missouri's Declaratory Judgment Act, circuit courts are vested with the authority to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 527.010. The Act is remedial and "its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Section 527.120. However, "claims for declaratory relief are not intended to be a substitute for all existing remedies and, instead, are merely designed to supply a deficiency in our remedial proceedings." Crown Diversified Holdings, LLC v. St. Louis County, Missouri, 452 S.W.3d 226, 230 (Mo. App. E.D. 2014) (internal quotations omitted).

A petition for declaratory relief must set forth facts establishing (1) the existence of a justiciable controversy and (2) that the plaintiff has no adequate remedy at law. Foster v. State, 352 S.W.3d 357, 359 (Mo. banc 2011). Critically, Appellants have not pleaded facts establishing the second element – that Appellants lack an adequate remedy at law. "The term 'adequate

---

[2] The Second Amended Petition does not allege a claim for declaratory judgment against Respondent Stahlschmidt.

remedy at law' generally means that damages will not adequately compensate the plaintiff for the injury or threatened injury, or that the plaintiff would be faced with a multiplicity of suits at law." Walker v. Hanke, 992 S.W.2d 925, 933 (Mo. App. W.D. 1999). The Second Amended Petition contains only two paragraphs relating to this element:

> 79. Plaintiffs real estate and home is unique and plaintiffs do not have an adequate remedy at law.

> 80. Plaintiffs also have an inadequate remedy at law in that the note and deed of trust are negotiable instruments that may be freely marketed and sold on the open market to innocent purchasers.[3]

Appellants' allegation that their properties are "unique" does not demonstrate that damages will not adequately compensate for their alleged injury, or that they will be faced with a multiplicity of suits at law. Nor does Appellants' conclusion that the notes and deeds of trust are negotiable instruments provide support for the element requiring that plaintiffs have an inadequate remedy at law. Where a petition states only conclusions and contains no ultimate facts which support those conclusions, a motion to dismiss is properly granted. Westphal, 95 S.W.3d at 152. Appellants have failed to plead facts demonstrating their right to declaratory relief. Accordingly, Point One is denied.

## II. Appellants do not state a claim for violations of the MMPA.

Appellants' second point on appeal challenges the dismissal of their claims brought under the MMPA. A properly stated cause of action under the MMPA requires a plaintiff to allege that: (1) the defendant used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or a concealment, suppression, or omission of a material fact; (2) the fraudulent act occurred in connection with the sale or advertisement of merchandise in trade or commerce; (3) the fraudulent act resulted in an ascertainable loss of money or property;

---

[3] These two paragraphs appear twice in the Second Amended Petition, once in the count for declaratory relief against Bank of America and once in the count for declaratory relief against U.S. Bank.

6

and (4) the loss occurred to a person who purchased or leased merchandise primarily for personal, family, or household purposes. Sections 407.020-.025; Edmonds v. Hough, 344 S.W.3d 219, 223 (Mo. App. E.D. 2011).

Appellants allege multiple violations of the MMPA involving different individual homeowners and various defendants, including the respondents in this appeal. Because each count of the Second Amended Petition sets forth the same factual allegations, we analyze these various counts together to determine whether Appellants have properly stated a claim for violations of the MMPA. Respondents argue that the Second Amended Petition fails to plead several of the required elements to establish a violation of the MMPA. Because we hold that the Second Amended Petition fails to meet the requirement of pleading deception or fraud, we need not consider Respondents' remaining arguments.

The record before us shows that Appellants have not pleaded facts demonstrating that *each* defendant used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or a concealment, suppression, or omission of a material fact in connection with the sale of their properties. Instead, Appellants loosely join together various defendants and generally allege that "defendants" made false representations that were material to the Appellants' loan transactions. Appellants do not allege when, where, or who made the false representations at issue. At most, we can discern from the Second Amended Petition that Gillick was the only defendant with whom Appellants had direct communication regarding the loan transactions, and that Gillick was the only defendant who made the representations averred by Appellants in their cause of action for violations of the MMPA.[4] We acknowledge that a claim alleging violations of the MMPA need not be stated with the same particularity as a claim

---

[4] Although Appellants generally alleged in the Second Amended Petition that Gillick acted as an agent of Respondents, Appellants pleaded no facts that establishing a lawful agency relationship.

7

of common law fraud or mistake. Ullrich v. CADCO, Inc., 244 S.W.3d 772, 777 (Mo. App. E.D. 2008). However, Appellants nevertheless are required to plead ultimate facts showing their entitlement to relief. The Second Amended Petition woefully lacks the required factual allegations relating to the *individual* respondents to support a claim under the MMPA. Because Appellants do not state a claim for violations of the MMPA against Respondents, Point Two is denied.

### III. Respondents did not waive their objection to the requirement that Appellants plead their claims of fraud with particularity.

In their third point on appeal, Appellants assert that the trial court erred when it dismissed their claims for fraud and conspiracy to defraud on the ground that the claims lacked the requisite particularity under Rule 55.15. Appellants maintain that Respondents waived their right to object to the particularity of Appellants' claims when Respondents did not to move the trial court to require that Appellants file a more definite statement. Appellants claim they presented the issue of Respondents' failure to move for a more definite statement to the trial court, but Respondents ignored the issue and the trial court made no mention of it in its order. We find Appellants' argument disingenuous.

The purpose of a motion for more definite statement is to put a party on notice that his pleading is deficient and to provide that party an opportunity to cure the defects. See Eckerd v. Country Mut. Ins. Co., 289 S.W.3d 738, 743 (Mo. App. E.D. 2009) (finding plaintiff's motion to strike defendant's affirmative defenses failed to put defendant on notice that its pleadings were allegedly deficient, and therefore plaintiff waived objection to the particularity of the affirmative defenses). "While a motion for a more definite statement is one manner in which a defendant may complain about the sufficiency of pleadings, a motion to dismiss can also be used to raise the issue." Breeden v. Hueser, 273 S.W.3d 1, 10 (Mo. App. W.D. 2008).

8

In their respective motions to dismiss the First Amended Petition, both U.S. Bank and Bank of America provided Appellants with clear notice that their pleading was deficient. The motions to dismiss cited Rule 55.15 and detailed the factual allegations that were missing from the First Amended Petition. When ruling on the motions to dismiss, the trial court specifically stated that the motions "*are treated as motions for more definite statement* and are hereby GRANTED." In that same order, the trial court granted Appellants leave to replead their claims. Without question, Appellants were provided an opportunity to cure any alleged deficiencies in their claims for fraud when they filed their Second Amended Petition.

Appellants' argument that Respondents waived their objection to the particularity of Appellants' claims is unavailing because Appellants were put on clear notice of the deficiencies in their pleading and given an opportunity to cure those deficiencies. See Eckerd v. Country Mut. Ins. Co., 289 S.W.3d at 743. Appellants' contention that the trial court ignored the issue of waiver in its order is simply false. Point Three is denied.

## IV.     Point Four preserves nothing for review.

Appellants' fourth point on appeal also contests the trial court's dismissal of Appellants' claims for fraud and conspiracy to commit fraud. In this point, Appellants challenge the judgment of dismissal on the ground that the Second Amended Petition did not set forth sufficient facts to state a claim for fraud and conspiracy to commit fraud. Because Appellants' fourth point on appeal fails to comply with Rule 84.04(e), we do not consider it.

"To properly brief a case, an appellant is required to develop the issue raised in the point relied on in the argument portion of the brief." Kuenz v. Walker, 244 S.W.3d 191, 194 (Mo. App. E.D. 2007). If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned. An argument must explain why,

9

in the context of the case, the law supports the claim of reversible error. Rule 84.04(e); <u>Carlisle v. Rainbow Connection, Inc.</u>, 300 S.W. 3d 583, 585 (Mo. App. E.D. 2009). "An argument should show how the principles of law and the facts of the case interact." <u>Snyder v. Snyder</u>, 142 S.W.3d 780, 783 (Mo. App. E.D. 2004).

> Appellants' fourth point relied on states:
>
> The trial court erred in sustaining Defendants' motions to dismiss Plaintiffs' fraud and conspiracy to defraud counts because Plaintiffs' Second Amended [Petition] is sufficient to show Plaintiffs' were entitled to relief in that the pleadings set forth sufficient facts with the necessary particularity alleging fraud and conspiracy to defraud under the circumstances.

In the argument section of their brief, Appellants do not in any way develop the issue raised in the point relied on. More specifically, Appellants' argument does not explain how the facts pleaded in the Second Amended Petition satisfy the elements required to plead a cause of action for fraud and conspiracy to defraud against these respondents. Appellants neither state the requisite elements for these claims nor provide any citations to the record directing this Court to the factual allegations that satisfy those elements. Instead, Appellants' argument consists of a few conclusory statements followed by block quotations of case law. Appellants do not explain how the case law applies to their case, or how the case law supports their claim of error. This Court will not act as an advocate for Appellants by searching through Appellants' Second Amended Petition for factual allegations that may support a claim for fraud and conspiracy to commit fraud. <u>See</u> <u>First State Bank of St. Charles v. Am. Family Mut. Ins. Co.</u>, 277 S.W.3d 749, 753 (Mo. App. E.D. 2008) ("It is not proper for an appellate court to speculate as to the claim of error being raised by an appellant and the supporting legal justification and circumstances."). While we understand Appellants' desire to cast a wide net and join the lenders as defendants in

10

this litigation, it is neither the function of this Court nor appropriate for this Court to assume the role of an appellant in order to prosecute this appeal.

A deficient argument that fails to comply with Rule 84.04(e) preserves nothing for appeal and merits dismissal. <u>Carlisle v. Rainbow Connection, Inc.</u>, 300 S.W.3d at 586. The deficiencies of Point Four and its failure to comply with Rule 84.04(e) leave us no alternative but to dismiss this point on appeal.

Conclusion

Appellants failed to state a claim for declaratory relief or violations of the MMPA. Moreover, we hold that Respondents did not waive their objection to Appellants' failure to plead their fraud claims with the requisite factual particularity under Rule 55.15. Finally, Appellants' argument challenging the trial court's dismissal of their fraud and conspiracy to defraud claims preserves nothing for review. For these reasons, we affirm the judgment of the trial court.


_____
Kurt S. Odenwald, Presiding Judge


Robert G. Dowd, Jr., Concurs
Gary M. Gaertner, Jr., Concurs

11