

# In the Missouri Court of Appeals
# Eastern District

### DIVISON TWO

| | | |
|---|---|---|
| ZAFER CHIROPRACTIC & SPORTS INJURIES, P.A., | ) | No. ED103950 |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| vs. | ) | Cause No. 15L6-CC00094 |
| | ) | |
| ANDY HERMANN, ET AL., | ) | Honorable W. Brent Powell |
| | ) | |
| Respondents. | ) | Filed: October 18, 2016 |

### <u>OPINION</u>

Wasse Zafer ("Zafer") and Zafer Chiropractic & Sports Injuries, P.A. ("Zafer Chiropractic") (hereafter referred to collectively as "Appellants") appeal the Circuit Court of Lincoln County's judgment on the pleadings in favor of Andy Hermann ("Hermann") and Farmers Insurance Company, Inc. ("Farmers") (hereafter referred to collectively as "Respondents") on claims for (1) breach of contract, (2) tortious interference with a business expectancy, (3) abuse of process, (4) breach of fiduciary duty, and (5) negligence. We affirm the motion court's judgment.

### I.    <u>Factual and Procedural Background</u>

Appellant Zafer Chiropractic was a business registered with the State of Kansas. Appellant Zafer is a resident of Kansas, and he was the sole owner and operator of Zafer Chiropractic. Zafer was only licensed to practice medicine in Kansas, where he treated all of his

1

patients. However, he had patients that lived in Missouri and Kansas. Respondent Farmers is a Kansas insurance company that is licensed to conduct business in Missouri and Kansas. Respondent Hermann was an employee, agent, representative, and investigator of Farmers at all relevant times. Hermann is a resident of Missouri and he worked in an office located in Missouri when he allegedly committed misconduct damaging Appellants. Appellants claim that Farmers trained Hermann to undervalue, deny, and reduce payments owed to insureds.

Appellants allege that Farmers provided unspecified insureds with personal injury protection coverage and/or medical payments coverage under unspecified automobile insurance policies. Appellants further allege that some of these insureds assigned their rights to insurance payments from Farmers to Appellants in exchange for treatment by executing an assignment of benefits agreement. Appellants allege Farmers and Hermann refused to make payments and/or delayed making payments to Appellants for treatment they provided to Farmers's insureds from January 1, 2002 through March 31, 2006. Additionally, Appellants claim that Respondents made continual attempts to undervalue and deny claims from April of 2006 through the time of this suit. Appellants further allege that Hermann and other unspecified Farmers's employees contacted Hispanic and/or Spanish-speaking patients of Zafer to threaten deportation if they did not help Farmers file complaints against Appellants. Respondents allegedly filed complaints with, and made false statements to, several Kansas criminal and administrative entities about Appellants, including the Kansas Attorney General, the Kansas Department of Insurance, and the Kansas Board of Healing Arts.

Appellants claim that Respondents' alleged actions caused them to lose business, asserting that they saw a decrease in the number of both new and returning patients. Appellants also pled that Respondents damaged Zafer's general reputation and goodwill with his patients.

Consequently, Appellants claim that they became insolvent and "financially destroyed" by December 6, 2010.

On February 27, 2012, Appellants filed a petition against Respondents in the Circuit Court of Cole County, which was dismissed without prejudice based on *forum non conveniens* on December 31, 2012. On May 7, 2013, Appellants filed an identical petition against Respondents in the Circuit Court of Jackson County. Appellants then filed their First Amended Petition ("petition") on March 16, 2015, praying for relief under five counts: breach of contract, tortious interference with business expectancy and business disparagement, abuse of process, negligence, and breach of fiduciary duties. On March 26, 2015, Respondents made a motion for judgment on the pleadings and a motion to transfer venue. On July 1, 2015, the entire case was transferred to the Circuit Court of Lincoln County. On December 16, 2015, the court entered an Order and Judgment Granting Respondents' Motion for Judgment on the Pleadings, finding in favor of Respondents and disposing of all counts asserted by Appellants in their petition.

## II.     Standard of Review

A court should only grant a motion for a judgment on the pleadings if the moving party is entitled to judgment as a matter of law based on the face of the pleadings and no genuine issue of material fact exists. *In re Marriage of Busch*, 310 S.W.3d 253, 259 (Mo. App. E.D. 2010) (citing *Madison Block Pharmacy v. U.S. Fidelity & Guaranty*, 620 S.W.2d 343, 345 (Mo. banc 1981)). A judgment on the pleadings presents a question of law, accordingly, we review a motion court's decision on a motion for judgment on the pleadings *de novo*. *Sterling Inv. Grp., LLC v. Bd. of Managers of Brentwood Forest Condo. Ass'n*, 402 S.W.3d 95, 100 (Mo. App. E.D. 2013).

Rule 55.05[1] "requires a pleading that sets forth a claim for relief to contain: (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." *Sparks v. PNC Bank*, 400 S.W.3d 454, 460 (Mo. App. E.D. 2013). Allegations in pleadings are accepted as true, liberally constructed, and viewed in the light most favorable to the pleader. *Anderson v. Crawford*, 309 S.W.3d 863, 866 (Mo. App. W.D. 2010). Nonetheless, "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Employees*, 43 S.W.3d 293, 302 (Mo. banc 2001). Plaintiffs must also plead allegations of fact in support of each essential element of the cause sought to be pleaded. *Sparks,* 400 S.W.3d at 460. Thus, the pleader must include "ultimate facts" of their case in the petition. *Id.* We disregard conclusions in a petition if they are not supported by facts. *Whipple v. Allen*, 324 S.W.3d 447, 449-50 (Mo. App. E.D. 2010).

### III.     Discussion

### A. Kansas law applies to all of Appellants' substantive claims

Appellants contend that the motion court erred in applying Kansas law to their substantive claims because these claims have a more significant relationship with Missouri than Kansas. We disagree.

A forum state applies its own procedural state laws, but it chooses the applicable substantive law based on its own conflicts of law doctrines. *Reis v. Peabody Coal Co*., 997 S.W.2d 49, 58 (Mo. App. E.D. 1999). Appellants' petition contains two categories of claims: tort claims and contract claims.

#### i.     Tort Claims

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

For conflicts of law related to tort claims, Missouri employs the "most significant relationship" test set forth in Restatement (Second) of Conflict of Laws § 145 (1971).[2] *Reis,* 997 S.W.2d at 58. Section 145 states:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>> (a) the place where the injury occurred,
>> (b) the place where the conduct causing the injury occurred,
>> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

After considering all four factors, we find Kansas has the most significant relationship to Appellants' tort claims. Therefore, the motion court properly applied Kansas law to Appellants' tort claims.

Appellants concede that "much of Appellants' financial injury occurred in Kansas and that the processes [allegedly] abused by Respondents involved Kansas criminal and administrative agencies." Nonetheless, Appellants contend that they were also injured in Missouri, because their "claims arise, at least in part, under policies with insureds who negotiated…in Missouri and such policies are subject to Missouri law." Appellants further allege Respondents contacted Appellants' Missouri patients to make "false, misleading, and derogatory statements about Appellants."

_____

[2] All references to Restatement refer to Restatement (Second) of Conflict of Laws (1971).

The record provides much stronger support that the injuries occurred in Kansas. Appellants claim injuries in the form of lost business opportunities and profits and other financial impairment caused by delaying and withholding payment of money to Appellants. All of these injuries would have occurred in Kansas; Zafer is a Kansas resident who operates his sole practice (Zafer Chiropractic) in Kansas. Based on the foregoing, the alleged injuries occurred in Kansas, not Missouri.

Appellants argue that "[a]ll relevant conduct by Respondents giving rise to Appellants' [claims] occurred in Missouri," but they provide minimal support to explain what the alleged misconduct was or where such conduct took place. Appellants merely state the alleged conduct giving rise to their tort claims "originated in Missouri—more specifically, in the office of Andy Hermann and other Farmers representatives located therein." Appellants contend that Respondents filed fraudulent complaints with Kansas regulatory agencies—all located in Kansas—and made false statements about Appellants to these agencies. Appellants do not allege what false statements and complaints were made, how these statements and complaints were made, or where they were made. Without more concrete allegations about where any tortious conduct by Respondents took place, we cannot accord much weight to this factor.

The third factor of § 145 strongly favors the application of Kansas law. Zafer is a Kansas resident. Zafer Chiropractic, Zafer's only practice, was located in Kansas and registered with the state of Kansas. Hermann is a Missouri resident who worked for Farmers in Missouri. Farmers is registered in the state of Kansas, but it is licensed to conduct business in both Missouri and Kansas. All patients were treated in Kansas at Zafer Chiropractic. Accordingly, the residencies and places of business of the parties are primarily located in Kansas.

Although the relationship of the parties spans both states, it is centered in Kansas, where Appellant Zafer practiced, where Respondents allegedly directed false complaints against Appellants, and where Appellants demanded payment from Farmers to be made. Both Missouri and Kansas have ties to this litigation, but Kansas's relationship to the action is much more significant. For the foregoing reasons, Kansas law should apply to Appellants' tort claims.

## ii.     Contract Claims

In determining which state's laws should be applied in contract claims, Missouri courts apply the most significant relationship test set forth in Restatement (Second) of Conflict of Laws § 188. *Viacom, Inc. v. Transit Cas. Co*., 138 S.W.3d 723, 724-25 (Mo. banc 2004). Section 188(2) lists five factors to determine which state has the most significant relationship to the transaction and the parties: (1) the place of contracting; (2) the place of negotiating of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Sturgeon v. Allied Professionals Ins. Co*., 344 S.W.3d 205, 211 (Mo. App. E.D. 2011). Each factor need not be given equal weight. *Sachs Elec. Co. v. HS Const. Co*., 86 S.W.3d 445, 455 (Mo. App. E.D. 2002). Rather, the court evaluates and weighs these five factors based on their relative importance to the issue before the court. *Id.*

Appellants' petition alleges their contract claims involve two sets of contracts: (1) contracts between Farmers and their insureds under insurance policies and (2) an assignment of benefits agreement between Zafer Chiropractic and their patients insured by Farmers, in which the patients assigned Zafer Chiropractic the right to receive payments from Farmers in exchange for treatment. Appellants claim the assignment agreement also transferred the insureds' other contractual rights—such as the right to file a lawsuit against Farmers—to Appellants. Appellants

7

claim Respondents owed their insureds duties under their insurance contract, which were then assigned to Appellants under the assignment of benefits agreement.

In total, Appellants characterize three claims as contractual in nature: (1) breach of contract, (2) negligence, and (3) breach of fiduciary duty. However, for reasons stated *infra* in Section E, we believe that Appellants' claims for negligence and breach of fiduciary duty should be considered tort actions. Consequently, Appellants' breach of contract action is his only contractual claim.

As previously stated, Appellants treated patients who resided in Missouri and Kansas. Zafer resides in Kansas, and Zafer Chiropractic was registered and exclusively operated in Kansas. Respondent Hermann is a Missouri resident employed by Farmers. Respondent Farmers is registered in Kansas, but licensed to practice in Kansas and Missouri. Accordingly, both states have a connection with Appellants' contract claim. Nonetheless, Appellants' breach of contract action centers on Respondents' failure to make payments to the Appellants in Kansas for services provided in Kansas, which supports the application of Kansas law. Thus, Appellants' contract claim has a more significant relationship with Kansas than Missouri, and the motion court properly applied Kansas law to Appellants' breach of contract claim.

## B. Appellants failed to plead facts to show they would be entitled to relief under a breach of contract claim

Appellants contend the motion court overlooked properly alleged facts, misapplied necessary elements applicable to the claim, and applied an overly strict interpretation of Missouri's fact pleading requirements and erroneously held Appellants failed to state a cause of action for breach of contract.

The motion court found Appellants' petition failed to meet Rule 55.05's requirements for pleading a cause of action for breach of contract because they failed to include essential facts to

establish every element of a breach of contract. *See Sparks,* 400 S.W.3d at 460. In the motion court's Order and Judgment Granting Defendants' Motion for Judgment on the Pleadings, it supported its conclusion by highlighting the lack of specificity pleaded by Appellants:

> In their first amended petition, [Appellants] merely make conclusory allegations that [Respondents] entered into contracts or policies with *unspecified insureds* on *unspecified dates*; that some of [Respondents'] *unspecified insureds* executed an assignment; that [Appellants] provided *unspecified services* to some of these *unspecified insureds*; and that [Respondents] refused to pay *unspecified amounts* to [Appellants] for these *unspecified services* provided to its *unspecified insureds*.

Accordingly, the motion court concluded that Appellants failed to "allege the execution and existence of specific contracts," "the existence of sufficient consideration to support each of the contracts," and "how [Respondents] failed to perform or breach each of these contracts." We agree with the motion court. Appellants failed to meet Missouri's pleading requirements to state a cause of action for breach of contract under Kansas law.

Moreover, we do not believe Appellants pled facts to demonstrate they have a right to bring a breach of contract claim against an insurer on the behalf of any insured. Appellants contend the insureds transferred their contractual rights arising from their Farmers's insurance policy to Appellants via the assignment of benefits agreement which was attached to Appellants' first amended petition as Ex. A. *See State ex rel. Hazelwood Yellow Ribbon Committee v. Klos*, 35 S.W. 3d 457, 466 (Mo. App. E.D. 2000). The relevant portion of the assignment states:

> *I hereby assign to Zafer Chiropractic and Sports Injuries **all payments** for medical/chiropractic services provided to me and or [sic] my dependents. By my signature below, I hereby give notice to my insurance company that **all payments for any covered services or treatment are hereby assigned** to Zafer Chiropractic and Sports Injuries.* (emphasis added).

In determining the true meaning of an assignment, we look at the intention of the parties. *City of Arkansas City v. Anderson*, 242 Kan. 875, 883 (1988). The "plain and unambiguous language contained within the contract must be given its plain meaning." *Shelter Mut. Ins. Co. v.*

*Williams By and Through Williams*, 248 Kan. 17, 23 (1991). The plain language of the assignment only assigns to Zafer Chiropractic the right to any payment made by the insurer to the patient. There is nothing in the assignment to suggest the insureds intended to relinquish anything more than their right to payments. Furthermore, assignment agreements are generally construed narrowly. *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. Appx. 846, 851 (11th Cir. 2013); *see also Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 13-CV-01145, 2014 WL 3689284, at *3 (E.D. Cal. July 23, 2014). "The scope of the assignment cannot exceed the terms of the assignment itself." *Sanctuary Surgical Ctr., Inc.*, 546 F. Appx. at 851-52. Appellants failed to plead any other facts to establish they had a right to sue Respondents for a breach of contract. Accordingly, Appellants failed to sufficiently plead facts to establish Zafer Chiropractic obtained the insureds' contractual rights to bring a legal claim against Respondents. Accordingly, we affirm the motion court's grant of Respondents' motion for judgment on the pleadings for Appellants' breach of contract claim.

**C. Appellants failed to specifically allege facts necessary to support a claim of tortious interference with business expectancy**

"The requirements to show tortious interference with an existing or prospective business relationship are: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct." *Meyer Land & Cattle Co. v. Lincoln County Conservation Dist.*, 29 Kan.App.2d 746, 746 (Kan. Ct. App. 2001).

10

Appellants failed to plead with specificity facts that would entitle them to relief. In Appellants' petition, they make vague allegations that Respondents engaged in intentional misconduct that caused Appellants to experience a decrease in both new and returning patients. However, Appellants were required to plead facts that demonstrate they suffered damages to a business relationship or an expectancy with the probability of future economic benefit that was *reasonably certain* to continue without the tortious interference of Respondents. *Meyer*, 29 Kan.App.2d at 752. Appellants make conclusory statements that parrot the elements of a tortious interference claim, but they fail to plead facts to support those conclusions. For example, in the petition, Appellants allege, "Zafer and Chiropractic were reasonably certain to have continued the chiropractor/patient and business relationships…and continue to create chiropractor/patient and business relationships with Farmers's insureds [and] other automobile insurance carrier insureds, in the future." Although the motion court must accept "facts" pled by a plaintiff, "[l]egal conclusions cannot be pleaded as ultimate facts." *Jordan v. Peet*, 409 S.W.3d 553, 560 (Mo. App. W.D. 2013). Rather, "conclusion[s] must be supported by…'facts that demonstrate how or why' the conclusion is reached." *Id*. (quoting *Westphal v. Lake Lotawana Ass'n, Inc*., 95 S.W.3d 144, 152 (Mo. App. W.D. 2003).

Here, Appellants simply state in the petition that they were "reasonably certain" to continue and/or continue to create "patient and business relationships." However, Appellants fail to support the conclusion with factual allegations. On numerous occasions, Appellants allege that Respondents made "disparaging, false and/or misleading remarks about Zafer."[3] However, aside from alleging that Respondents told Farmers's insureds that "Dr. Zafer [was] a bad chiropractor"

---

[3] Appellants allege "disparaging, false and/or misleading remarks" were made to a number of people and entities: Farmers's insureds, public officials, "the Kansas City Star, and other news affiliations and organizations," and "other automobile insurance companies."

11

and that "Farmers will not pay for [insureds'] treatment rendered by Dr. Zafer," they fail to identify the substance of *any* allegedly "disparaging, false and/or misleading" statements. Additionally, Appellants allege that Respondents filed fraudulent complaints against Appellants with Kansas criminal and administrative entities. Again, Appellants neglect to identify the substance of a single complaint. Appellants also allege that Respondents "threat[ened] and/or advis[ed] Hispanic patients with government action," such as deportation. Nonetheless, Appellants do not identify a *single* current or future patient that Respondents have allegedly contacted. Similarly, Appellants fail to identify *any* specific business relationships that became damaged due to Respondents' alleged misconduct. Under Kansas law, Appellant is required to plead allegations to demonstrate a specific interference with "a particular business relationship" or "a specific business expectancy." *Meyer*, 29 Kan.App.2d at 752. In this case, Appellants failed to plead facts to show they were *reasonably certain* to have continued a *specific* business relationship or *specific* expectancy with the probability of future economic benefit. As a result, Appellants failed to satisfy the fact pleading requirements of Rule 55.05. Point denied.[4]

### D. Appellants failed to plead facts showing they would be entitled to relief under an abuse of process claim

Under Kansas law, there are two essential elements for an abuse of process claim: (1) the existence of an ulterior motive and (2) an improper act in the regular prosecution of a legal proceeding. *Lindenman v. Umscheid*, 255 Kan. 610, 621 (Kan. 1994); *Bloom v. Arnold*, 45 Kan.App.2d 225, 231 (Kan. Ct. App. 2011) (explaining that abuse of process claims must involve a *judicial* proceeding, not an administrative proceeding carried on wholly outside of the

---

[4] Using similar "facts" in support of Appellants' tortious interference with a business expectancy claim, Appellants also pled a cause of action for "business disparagement." However, Kansas does not recognize business disparagement as a legal theory of recover. *St. Catherine Hosp. of Garden City v. Rodriguez*, 25 Kan.App.2d 763, 768 (Kan. App. Ct. 1998).

court system). Appellants contend in their brief that "Kansas courts have left the door open to a ruling that *false* claims to an administrative agency *could* still give rise to a claim for abuse of process." (emphasis added). Appellants rely on two cases to support their contention, *Lindenman* and *Merkel v. Keller,* both of which are unpersuasive. *Lindenman*, 255 Kan. at 610; *Merkel v. Keller*, 232 p.3D 887 (Kan. Ct. App. 2010).

In *Lindenman*, the Kansas Court of Appeals did not even examine whether an improper act in the regular prosecution of an *administrative* proceeding could satisfy the second element of an abuse of process claim. Moreover, *Bloom* specifically examined *Lindenman,* and the Kansas Court of Appeals explained, "[b]ecause our Supreme Court was not presented with the issue [of whether administrative proceedings satisfy the 'legal proceeding' requirement in an abuse of process claim], we do not believe the decision in *Lindenman* undercuts the prevailing law in Kansas limiting 'legal process' to only those proceedings that invoke the aid of judicial process." *Bloom*, 45 Kan.App.2d at 232.

Similarly, in *Merkel*, the issue of whether a "legal proceeding" was limited to "judicial proceedings" was not before the Kansas Court of Appeals. *See Merkel*, 232 P.3d at 887. *Bloom*, a more current case than *Lindenman* or *Merkel* that clearly addresses the issue before us, provides much stronger guidance for analyzing the present case. *Bloom* stands for the proposition that an abuse of process claim requires an improper act in the regular prosecution of a *judicial* proceeding. *Bloom*, 45 Kan.App.2d at 232. A non-judicial administrative proceeding is inadequate to establish an abuse of process. *Id.* (holding that "[b]ecause Bloom's claim for abuse of process depends on proceedings before an administrative agency that did not invoke the aid of judicial process, his claim…fails as a matter of law in Kansas."). Here, Appellants' claim only

13

alleges investigations and administrative hearings. Accordingly, Appellants did not plead facts, even if taken as true, to show they would be entitled to relief. Point denied.

**E. Appellants failed to sufficiently plead facts to state a cause of action for negligence or breach of fiduciary duty**

In Kansas, contract claims are assignable, while tort claims cannot be assigned. *Glenn v. Fleming*, 247 Kan. 296, 313 (Kan. 1990). Appellants have framed their causes of action for negligence and breach of fiduciary duties as contract claims that "flow from multiple assignments of benefit." We believe Appellants mischaracterize their claims of negligence and breach of fiduciary duties as contract claims, as these actions are actually grounded in tort. The Supreme Court of Kansas succinctly noted in *Glenn*, "Breach of fiduciary duty is a tort." 247 Kan. at 312-13.  Negligence is also a tort. Although tort expressions such as "negligence" and "due care" can be used to define the insurer's contractual obligation, "they do not create a new cause of action." *Id.* at 312. Accordingly, although a breach of fiduciary duty or negligence may help establish that a contract has been breached, they are improperly characterized by Appellants as "contractual tort claims" that are separate and distinct from breach of contract. Nonetheless, whether Appellants' claims are grounded in tort or contract is immaterial to the outcome in this case.

Appellants' claims are properly considered tort actions. Therefore, they are unassignable and Appellants have no right to pursue either action. *See id*. Even assuming, arguendo, that Appellants' negligence and breach of fiduciary duties claims were considered contractual, they would still fail as a matter of law. As noted *supra* in Section B, Appellants failed to sufficiently plead facts to establish any claims for breach of contract. Additionally, the assignment agreement merely transfers the insureds' right to receive payment to Zafer Chiropractic, not the right to

14

bring a legal action against Farmers. Accordingly, Appellants did not plead facts showing they would be entitled to relief under a negligence or breach of fiduciary duty claim.

### IV.     Conclusion

Based on the face of Appellants' pleadings, Respondents were entitled to judgment as a matter of law. Assuming all pled facts are true, after disregarding all conclusions pled without factual support, Appellants failed to establish they would be entitled to relief for any claim alleged. Based on the foregoing, we affirm.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.