

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| ANTOINE ADEM M.D., | ) | No. ED104191 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 15SL-CC03107 |
| | ) | |
| DES PERES HOSPITAL, INC., | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Respondent. | ) | Filed: January 24, 2017 |

## I.       Introduction

Antoine Adem, M.D. ("Appellant") appeals the motion court's dismissal of his claims for injunctive relief, temporary restraining order, and declaratory judgment against Des Peres Hospital, Inc. ("the Hospital"). Appellant claims the court erred in finding he did not allege sufficient facts demonstrating the Hospital failed to substantially comply with its bylaws ("the Bylaws") by failing to follow certain procedural safeguards in conducting his peer review proceedings. Appellant's staff membership and clinical privileges were revoked by the Board of the Hospital ("the Board") following the recommendations of the Medical Executive Committee ("Executive Committee") and the Medical Review Committee ("Review Committee").[1]

---

[1] After Appellant filed his petition an Appellate Review Committee reviewed the joint recommendation of the Executive Committee and the Review Committee to revoke Appellant's privileges. This third committee did not contain any members who had been involved earlier in the peer review process or served on either of the other

1

As an initial matter, our Court must determine whether there is a final judgment *sua sponte*. *Avery Contr., LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016). The motion court's order and judgment did not specify whether it dismissed Appellant's claims with or without prejudice. If a motion to dismiss does not specifically state it is dismissed with prejudice, it is deemed to be dismissed without prejudice. *See Meissner v. Schnettgoecke*, 427 S.W.3d 864, 866 n.2 (Mo. App. E.D. 2014); *see also* Rule 67.03.[2] Typically, following a dismissal without prejudice, a plaintiff can cure the dismissal by filing another suit in the same court. *Meissner*, 427 S.W.3d at 866 n.2. Therefore, a dismissal without prejudice is generally not a final, appealable judgment. *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 530-31 (Mo. banc 2011).

"However, a party can appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action." *L.C. Dev. Co. Inc. v. Lincoln Cty*, 26 S.W.3d 336, 338 (Mo. App. E.D. 2000); *Avery Contr.*, 492 S.W.3d at 162. The motion court granted the Hospital's combined motion to dismiss Appellant's claims based on his failure to state a claim upon which relief could be granted. The Supreme Court of Missouri has held "where the trial court dismisses a petition without prejudice for failure to state a claim, and the plaintiff elects to stand on the dismissed petition and not to plead further, then that dismissal effectively bars the plaintiff from re-filing the action in its original form." *Jennings*, 355 S.W.3d at 531. Consequently, the motion court's dismissal has the practical effect of a final judgment, and appellate courts have jurisdiction over such appeals. *Id*.

---

committees, and also unanimously recommended the Board revoke Appellant's privileges. This Court is not considering the decision of the Appellate Review Committee, as it is a matter outside of the pleadings.
[2] All references are to Missouri Supreme Court Rules 2015.

2

## II.    Factual and Procedural Background

Appellant is a cardiologist who was a member of the Hospital's medical staff. On March 21, 2014, the Hospital's Chief of Staff notified Appellant that the Executive Committee had recommended that Appellant's medical staff privileges be revoked in accordance with the Bylaws. Following this adverse recommendation, Appellant invoked his right to a hearing by the Review Committee and was served with notice of the hearing on June 2, 2015. This notice letter included the names of the three medical staff members who would review the Executive Committee's recommendation. Section 11.6 of the Bylaws outlines the requirements for selecting the Review Committee and states that the doctors serving on the Review Committee cannot be in economic competition with Appellant and cannot have been involved earlier in the peer review process. This section also requires that the Chief of Staff appoint members of the Review Committee and "[i]f available, at least one [Review Committee] member shall have practice experience, education or training the same or sufficiently similar to the practice area of the Physician…under review." § 11.6. Appellant objected that none of the appointed physicians practiced cardiology and therefore lacked sufficiently similar experience as required by the Bylaws. His objection was overruled by the Hospital and the Review Committee hearing was held from August 4-6th, 2015.

Appellant asserted in his pleadings that on or about September 3, 2015, he learned one of the Review Committee members, Dr. Soudah, was an employee of Tenet, a publicly traded for-profit corporation that wholly owns the Hospital. Appellant pleaded that this raised a conflict of interest and violated the Bylaw's impartiality requirement. This objection was made three months after Appellant received notice of the hearing. The Hospital denied the objection because

3

it was not made within ten days after receiving notice of the hearing as provided by the Bylaws and was therefore waived.

On September 11, 2015, Appellant filed a lawsuit in St. Louis County seeking a temporary restraining order, preliminary and permanent injunctions, and a declaratory judgment that the Hospital had failed to substantially comply with its Bylaws. Appellant alleged that the Hospital failed to comply with the Bylaws in two express ways: (1) failing to select impartial panel members to sit on the Review Committee; and (2) failing to select any panel member who had sufficiently similar experience to Appellant. On September 25, 2016, the motion court granted the Hospital's motion to dismiss for failure to state a claim, finding that Appellant failed to plead sufficient facts which, if true, demonstrated that the Hospital did not substantially comply with its Bylaws. This appeal follows.

### III.    Standard of Review

"Where the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit." *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp*., 854 S.W.2d 371, 376 (Mo. banc 1993). "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Employees*, 43 S.W.3d 293, 302 (Mo. banc 2001) (citing Rule 55.05). Missouri is a fact-pleading state and every petition must contain facts that sufficiently demonstrate the pleader is entitled to the relief sought. *ITT,* 854 S.W.2d at 379. "A petition must contain allegations of fact in support of each essential element of the cause sought to be pleaded." *Sparks v. PNC Bank*, 400 S.W.3d 454, 460 (Mo. App. E.D. 2013). This Court disregards all conclusions in a petition when they are

not supported by facts. *Zafer Chiropractic & Sports Injuries, P.A. v. Hermann*, 2016 Mo. App. LEXIS 1020, *5 (Mo. App. E.D. October 18, 2016).

An appellate court "reviews the grant of a motion to dismiss *de novo*." *Byrne & Jones Enters. v. Monroe City R-1 Sch. Dist.*, 493 S.W.3d 847, 851 (Mo. banc 2016). "Appellate review of the trial court's dismissal for failing to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Egan v. St. Anthony's Med. Ctr.*, 244 S.W.3d 169, 171 (Mo. banc 2008) (*Egan I*) (internal quotations omitted). We assume all averments from the petition are true and liberally grant all reasonable inferences in the plaintiff's favor. *Gardner v. Bank of Am., N.A.*, 466 S.W.3d 642, 646 (Mo. App. E.D. 2015). In reviewing the grant of a motion to dismiss, "we review the petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (citing *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993)).

In *Egan I*, the Supreme Court of Missouri held "an aggrieved member of the medical staff, may bring an action in equity for injunctive relief to compel the hospital to substantially comply with its own bylaws before his privileges may be revoked." 244 S.W.3d at 174. The Court went on to emphasize:

> [T]he purpose of [19 CSR 30-20.021(2)(C)1-5][3] is to implement a system of medical staff peer review, rather than judicial oversight, and it is clear that final authority to make staffing decisions is securely vested in the hospital's governing body with advice from the medical staff.

*Id.* (citing 19 CSR 30-20.021(2)(C)12).

---

[3] This regulation requires hospitals to adopt bylaws to govern the professional activity of medical staff members, including bylaws for hearing and appealing a denial or revocation of staff privileges. *Ralph v. St. Anthony's Med. Ctr.*, 470 S.W.3d 783, 786 (Mo. App. E.D. 2015). "[I]t is implicit under this regulation that hospitals not only have a legal duty to adopt bylaws, but also a corresponding duty to abide by those bylaws." *Id.* (quoting *Egan I*, 244 S.W.3d at 173).

5

*Egan I* held that appellate courts "will not impose judicial review on the merits of a hospital's staffing decisions, but will act only to ensure substantial compliance with the hospital's bylaws" and remanded the case to the trial court to make that determination. *Id*. The trial court found the hospital had substantially complied with the bylaws and denied Dr. Egan's request for injunctive relief; Dr. Egan then appealed the ruling to our Court a second time. *Egan v. St. Anthony's Med. Ctr.*, 291 S.W.3d 751, 754 (Mo. App. E.D. 2009) (*Egan II*).

On appeal, this Court defined the proper standard for evaluating "substantial compliance." *Id*. at 759-60. First, an adversely affected member of the medical staff must demonstrate "that the hospital actually violated an express requirement of the bylaws." *Id*. at 759. Second, a court must determine whether the alleged violation was one of "basic procedural protections such as notice, hearing, and appeal procedures." *Id*. at 760. A "hospital's 'technical' violations or minor irregularities in procedural compliance will generally not constitute a failure of substantial compliance." *Id*. Additionally, "violations of hospital bylaws that, when looking at the proceedings as a whole, do not result in material prejudice to the physician or otherwise undermine the result reached by the hospital do not fall below the standard of substantial compliance or warrant equitable relief." *Id*. (internal quotations omitted). Judicial review of a hospital's staffing decisions is thus narrowly limited to express and material procedural violations of a hospital's bylaws. *Id*. at 759-60. "[I]f a hospital substantially complies with its bylaws, the adversely affected medical staff member is not entitled to equitable relief and a reviewing court may not reweigh the evidence or interfere with the hospital's decision on the merits." *Id*. at 760.

## IV.    Discussion

### a.  The motion court did not err in holding Appellant failed to allege sufficient facts to show the appointment of Dr. Soudah constituted an express, material, procedural violation of the Bylaws.

#### i.  Dr. Soudah's appointment did not violate the Bylaws.

In his first point on appeal, Appellant claims the Hospital violated the Bylaws by appointing a biased member, Dr. Soudah, to the Review Committee. Appellant alleges Dr. Soudah is an employee of Tenet, the corporation that owns the Hospital, and there was an "obvious" conflict of interest because Tenet was "adverse" to Appellant.[4] Appellant asserted that because Dr. Soudah was an employee of the Hospital's parent company he had a presumptive conflict of interest that violated the requirement of impartiality. In reviewing the petition and the attached Bylaws, the court found that Appellant's challenge to the appointment of Dr. Soudah was untimely and was therefore waived. This Court's review is limited solely to a determination of whether Appellant's petition was adequate. *Egan I,* 244 S.W.3d at 171. We assume all reasonable inferences from the petition are true. *Id*. The motion court's order and judgment likewise assumed all of Appellant's averments were true, and it liberally granted him all reasonable inferences therefrom. The motion court was free to examine the Bylaws because Appellant attached a copy as an exhibit to his petition. *See Hendricks v. Curators of Univ. of Missouri*, 308 S.W.3d 740, 747 (Mo. App. W.D. 2010) (citing Rule 55.12).[5]

In Missouri, "a private hospital's decisions regarding staff privileges are not subject to judicial oversight." *Egan I*, 244 S.W.3d at 171 (citing *Cowan v. Gibson*, 392 S.W.2d 307, 309

---

[4] Respondent accepted Appellant's allegation that Dr. Soudah is employed by Tenet and Tenet wholly owns the Hospital. However, Respondent noted in their brief that Dr. Soudah is actually employed by Premier Medical Specialists, LLC, which is an affiliate of Tenet.

[5] Under Rule 55.12 of the Missouri Rules of Civil Procedure, "[a]n exhibit to a pleading is a part thereof for all purposes."

(Mo. banc 1965)). In *Egan I*, the Missouri Supreme Court set out a limited exception to this "general rule of non-review": a doctor may bring a claim in equity for injunctive relief by asking the court to compel a hospital to substantially comply with its bylaws before the hospital may revoke the physician's privileges. *Egan I*, 244 S.W.3d at 172-74. In order to establish a hospital did not substantially comply with its bylaws, an aggrieved doctor must demonstrate (1) there was an express procedural violation of the bylaws, and (2) this violation was material and not merely a technical violation. *Egan II*, 291 S.W.3d at 759-60.

Appellant pleaded Dr. Soudah's employment created an "obvious" conflict of interest that violated § 11.6 of the Bylaws, which requires that all members of the Review Committee "shall be impartial and shall not have acted as accusers, investigators, fact-finders or initial decision makers in connection with the same matter[.]" The Bylaws do not expressly state a physician who is employed by a parent company or affiliated practice group fails the impartiality requirement in § 11.6 or is unable to serve on a peer review committee. In fact § 6.6 states staff members who "provide professional services at the Hospital pursuant to an exclusive contract arrangement…shall fulfill all of the obligations for Medical Staff membership and Clinical Privileges as any other applicant or member." Under § 8.1.1(b) all members of the Medical Staff *must* "participate in Peer Review activity as requested by the Chief of Staff or appointed designee[.]" This is echoed in § 6.2.8, which requires physicians to participate and cooperate with peer review activity in order to maintain their clinical privileges. Finally, § 5.8.8 states medical staff physicians "agree to serve on committees of the Medical Staff when so appointed by the Chief of Staff." It is clear that under the Bylaws, *all* physicians are expected to serve on peer review committees, including those under contract with the Hospital. Adopting Appellant's interpretation of the Bylaws to categorically prevent any physician employed by the Hospital or

8

Tenet to serve on the Review Committee would be inconsistent with other provisions in the Bylaws.

Appellant alleged that Dr. Soudah was "obviously" biased because he was employed by Tenet and Dr. Soudah knew which side his employer "wanted to win." However, Appellant did not allege any facts in his petition demonstrating the Hospital or Tenet wanted a particular outcome from his peer review process. Appellant's averment is a conclusory statement that does not meet the fact-pleading requirements of Missouri. *Gardner*, 466 S.W.3d at 646 ("The petition may not merely assert conclusions, and in determining whether a petition states a cause of action, we are to disregard conclusions not supported by facts.").

In *Egan I* and *Egan II*, the appellant, Dr. Egan, alleged his peer review was biased and therefore violated the hospital's bylaws. *Egan II*, 291 S.W.3d at 762. In *Egan I*, the Missouri Supreme Court adopted a limited exception to the general rule of non-review of private hospitals' staffing decisions, which applies when a hospital fails to substantially comply with its own bylaws. 244 S.W.3d at 173-74. The Court held "the matter of substantial compliance is a factual dispute that can only be determined [by the trial court] on remand." *Id*. at 174. Accordingly, it reversed the judgment and remanded the case to the trial court to determine whether the hospital failed to substantially comply with its bylaws when it permanently suspended Dr. Egan. *Id*.

In *Egan II*, the trial court considered evidence from Dr. Egan and the hospital regarding the revocation of his privileges. *Id*. Dr. Egan claimed two committee members were biased against him and the appellate review committee improperly considered evidence outside the record in violation of the bylaws.[6] *Id*. at 761-62. The trial court found the hospital substantially

---

[6] As evidence of bias, Dr. Egan referred to a statement to the board from one of the Appellate Review Committee members alleging that two of the panel members made personal observations to the panel about Dr. Egan's

complied with its own bylaws and "there was substantive procedural fairness at every step in the process." *Id*. at 757. We affirmed the trial court's determination that there was insufficient evidence to demonstrate the hospital failed to substantially comply with its bylaws. *Id*. at 765.

In the present case, the motion court held Appellant's allegations failed to demonstrate that the Hospital did not substantially comply with its Bylaws. We agree that Appellant's pleadings failed to allege sufficient facts demonstrating the Hospital committed an express, material, procedural violation of the Bylaws as contemplated by *Egan II*. *Id.* at 759-60. Such a showing was necessary to demonstrate the Hospital did not substantially comply with its Bylaws, which is the *sole exception* to the rule of non-review of hospital staffing decisions in Missouri. *Id*.; *see also Egan I*, 244 S.W.3d at 174.

### ii. The motion court did not err in finding Appellant waived his objection to Dr. Soudah's appointment under the Bylaws.

Section 11.4 of the Bylaws outlines the procedural requirements the Hospital must follow when an affected physician has made a proper request for a Review Committee. It states that the Hospital must provide notice of the hearing and identify the selected members of the Review Committee. § 11.4.1. The Hospital must give the affected physician ten days to object to any of the selected members to the Chief of Staff in writing. *Id*. If the physician fails to object within ten days then they will be deemed to have irrevocably waived the right to object to any Review Committee member. *Id*. Appellant failed to allege facts establishing the Hospital's non-compliance with these procedural requirements. In his petition, Appellant conceded he did not object to the appointment of Dr. Soudah until three months after receiving notice of who would serve on the Review Committee. Accordingly, the motion court, looking solely at the procedural

---

professional judgment and mental deficiencies. *Id*. at 762. This statement also included allegations that one of the panelists "introduced his own oral testimony regarding Dr. Egan's professional conduct." *Id*. at 761.

requirements of the Bylaws, ruled that Appellant did not timely object to the appointment of Dr. Soudah and therefore waived this objection. We agree with the motion court that Appellant waived the right to object to the appointment of Dr. Soudah.

### b. The motion court did not err in holding Appellant failed to allege sufficient facts demonstrating the Hospital did not substantially comply with the Bylaws.

The Hospital appointed three non-cardiologists to the Review Committee: a general surgeon, an internist, and an endocrinologist. In his petition, Appellant claimed he timely objected that none of these physicians had sufficiently similar experience, education or training to his own, as required by § 11.6 of the Bylaws. Section 11.6 states: "If available, at least one Review Committee member shall have practice experience, education or training the same or sufficiently similar to the practice area of the Physician…under review." On appeal, Appellant argues that the Hospital expressly violated this provision, and the motion court erred by engaging in fact-finding instead of assuming the allegations in Appellant's petition were true.

The Hospital first responds that a review of this decision would require the court to review the merits of the Hospital's medical staff's decision and is barred under the rule of non-review. Second, the Hospital argues that even if all three physicians lacked sufficiently similar experience to Appellant, the Bylaws would only be violated if such a physician was *available*, which Appellant was required to allege but failed to do. Finally, the Hospital argues that it complied with the Bylaws by appointing physicians that had sufficiently similar training and experience. We will address the Hospital's first point only, because we find it dispositive. Therefore, we do not reach the merits of the Hospital's second two points.

Requiring courts to determine whether a physician has "sufficiently similar" experience as the affected physician would violate Missouri's rule of non-review. *See Egan I*, 244 S.W.3d at 174. The Supreme Court of Missouri explained in *Egan I*:

11

[I]t must be emphasized that the purpose of the regulation[7] is to implement a system of medical staff peer review, rather than judicial oversight, and it is clear that final authority to make staffing decisions is securely vested in the hospital's governing body with advice from the medical staff. This is so because the notion underlying the internal governance structure required by the regulatory scheme is that *medical professionals are best qualified to police themselves*…This Court, then, will not impose judicial review on the merits of a hospital's staffing decisions, *but will act only to ensure substantial compliance with the hospital's bylaws*.

244 S.W.3d at 174 (emphasis added).

The sole exception to the rule of non-review is that a reviewing court may determine whether a hospital complied with the basic *procedural* protections of its bylaws without reviewing the merits of a hospital's staffing decision. *Egan II*, 291 S.W.3d at 759-60. Under the Bylaws, the Chief of Staff is responsible for appointing physicians to the Review Committee with sufficiently similar experience as the affected physician. § 11.6. The Chief of Staff is also responsible for resolving all objections to the appointment of any individual to the Review Committee, in consultation with the Chief Executive Officer. § 11.4.1. Selecting physicians to serve on a peer review committee who have sufficiently similar experience as the affected physician is a determination best made by medical professionals. *See Egan II*, 291 S.W.3d at 760 (explaining that courts should be reluctant to "substitute their judgment for the superior professional judgment of hospital officials in evaluating hospital staff decisions.").

The Missouri Supreme Court stated a private hospital makes all final staffing decisions with advice from its medical staff which "as a body or through committee shall review and evaluate the quality of clinical practice of the medical staff in the hospital[.]" *Egan I*, 244 S.W.3d at 174 (quoting 19 CSR 30-20.021(2)(C)12). Reviewing the selection process for which doctors are qualified to serve on peer review committees inevitably would involve a review of the Chief

---

[7] Referencing 19 CSR 30-20.021(2)(C)1-5 which requires hospitals adopt bylaws to govern the professional activity of medical staff members, including bylaws for hearing and appealing a denial or revocation of staff privileges. *Egan I*, 244 S.W.3d at 174.

of Staff's decisions, the peer review committee's subsequent recommendation, and ultimately the merits of the hospital's staffing decision. *See Egan I*, 244 S.W.3d at 174; *See Egan II*, 291 S.W.3d at 760. Such a determination falls outside the exception to the rule of non-review, which is solely a review of whether a hospital substantially complied with its own bylaws before revoking a staff member's privileges. *Id*.

## V.  Conclusion

For the foregoing reasons, the judgment of the motion court is affirmed.

Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.